FILED
2016 May-16  PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| DEMETRIS LEVERETTE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| HUNTSVILLE CITY BOARD OF | )   CASE NO. |
| EDUCATION; | ) |
| CASEY WARDINSKI; | ) |
| LAURIE McCAULLEY; | ) |
| MIKE CULBREATH; | ) |
| DAVID BLAIR; and | ) |
| JENNIE ROBINSON, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff complains of defendants, stating as follows:

### Introduction

1.      This is a suit for relief from discrimination instituted pursuant to 42 U.S.C. §§ 1983 and 1981.

### Jurisdiction

2.      The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1331 because it involves a federal question.

### Parties

3.      Plaintiff Demetris Leverette is an individual residing in Madison County,

Alabama.  She is an African-American female.

4.     The Huntsville City Board of Education (the Board) is a municipal governmental entity created pursuant to Alabama law.

5.     Casey Wardinski is an individual residing in Madison County, Alabama, and was the superintendent at all relevant times.

6.     Laurie McCaulley is an individual residing in Madison County, Alabama, and was a member of the Board at all relevant times.

7.     Mike Culbreath is an individual residing in Madison County, Alabama, and was a member of the Board at all relevant times.

8.     David Blair is an individual residing in Madison County, Alabama, and was a member of the Board at all relevant times.

9.     Jennie Robinson is an individual residing in Madison County, Alabama, and was a member of the Board at all relevant times.

10.    The individual defendants are sued in their individual capacities only.

## Facts

11.    Plaintiff was employed by the Board as an assistant principal.

12.    Despite excellent performance and the support of her principal and others, the individual board member defendants, acting on the recommendation of defendant Wardinski, voted to terminate plaintiff's employment on or about May 20,

2014.

13.     Wardinski also recommended and the Board approved the replacement of plaintiff by a less-qualified white female.

14.     The termination of plaintiff was part of a pattern and practice of unfavorable treatment of African-Americans regarding school administration positions, including selection, assignments, and evaluations of performance.

15.     The individual board members were aware of this pattern and practice, aware of the disparate treatment of African-Americans regarding school administration positions, yet approved of Wardinski's discriminatory recommendations.

16.     The individual board member defendants completely deferred to Wardinski regarding his management of school administrator positions, allowing him to function as the final policymaker for the Board regarding such matters.

17.     The individual board members deferred to Wardinski despite knowledge that he was favoring white persons and disfavoring African-American persons regarding school administrator positions.

**Count I - Race Discrimination - Violation of Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983**

18.     Defendant Huntsville City Board of Education and the individual

defendants, acting under color of state law, intentionally and purposefully discriminated against plaintiff by depriving plaintiff of rights guaranteed to plaintiff by the United States Constitution, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Specifically, defendants discriminated against plaintiff based on race in violation of plaintiff's rights under 42 U.S.C. § 1981 and the Equal Protection Clause of the Fourteenth Amendment.

19.    The individual defendants' discriminatory actions were performed with malice and/or done with reckless disregard for plaintiff's federally-protected civil rights.

20.    The conduct of defendants proximately caused injury and damage to plaintiff, including the following:

a.    plaintiff was and will be caused to suffer emotional distress, embarrassment, humiliation, anxiety, and concern;

b.    plaintiff was and will be caused to lose wages and other benefits;

c.    plaintiff's reputation was damaged; and

d.    plaintiff's employment record was tarnished.

## Relief Sought

21.    As relief, plaintiff seeks the following:

a.    appropriate declaratory and injunctive relief, including reinstatement (or front pay in lieu of reinstatement);

b.   back pay and benefits;

c.   compensatory damages;

d.   punitive damages against the individual defendants;

e.   prejudgment and postjudgment interest at the highest rates allowed by law;

f.   costs, expert witness fees, and reasonable attorney's fees;

g.   an amount to compensate plaintiff for any adverse tax consequences as a result of a favorable judgment; and

h.   such other and further relief to which plaintiff is justly entitled.

**Dated: May 16, 2016.**

 s/ Henry F. (Hank) Sherrod III            
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35631
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

**Jury Demand**

Plaintiff requests a trial by jury.

 s/ Henry F. (Hank) Sherrod III           

5