# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DEMETRIS LEVERETTE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | 5:16-CV-811-AKK |
| ) | |
| **HUNTSVILLE CITY BOARD OF** ) | |
| **EDUCATION, et al.,** ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS OR REMAND STATE LAW CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants Huntsville City Board of Education, Laurie McCaulley, Mike Culbreath, David Blair, Jennie Robinson, and Defendants Beth Wilder, Elisa Ferrell, Walker McGinnis, Michelle Watkins, and Pam Hill in their official capacities as members of the Huntsville City Board of Education (collectively "Defendants") move this Court to dismiss or remand the state law causes of action asserted in the consolidated First Amended Complaint, and state as follows:

1.  On May 16, 2016 Plaintiff Demetris Leverette ("Plaintiff") filed a Complaint in the United States District Court for the Northern District of Alabama alleging claims of race discrimination under under Section 1981 and Section 1983. The Defendants to this action were the Huntsville City Board of Education ("the Board"), Casey Wardynski, and four of the members of the Board at the time of

Plaintiff's termination, Laurie McCaulley, Mike Cullbreath, David Blair and Jennie Robinson.

2. On August 9, 2016 Plaintiff filed a Complaint in Madison County Circuit Court alleging claims under Title VII and Section 1983, and also alleging state law causes of action. The defendants to this action were the Board, the Superintendent in his official capacity only, and members of the Board in their official capacities only.

3. The defendants to the state court lawsuit removed the case to federal court and the Defendants moved to consolidate the cases.

4. On January 19, 2017, the Court granted the Motion to Consolidate the two cases and ordered that a Consolidated First Amended Complaint be submitted by January 31, 2017.

5. On January 31, 2017, Plaintiff filed a Motion for Leave to File Consolidated First Amended Complaint. This Motion was granted on February 2, 2017.

6. Plaintiff filed the Consolidated First Amended Complaint on February 10, 2017.

7. The Consolidated First Amended Complaint alleges that Plaintiff served as Assistant Principal at Westlawn for the 2013-14 school year, but was terminated

at the end of that year due to her race. (Consolidated First Amended Complaint ¶¶ 12-15, 42). Plaintiff contends that she was re-hired in August 2014 at a lower paying position. (Consolidated First Amended Complaint ¶¶ 20, 22). Plaintiff alleges that she applied for a number of other positions, but she was not selected for these positions due to her race, her protected activity (EEOC Charges) and her alleged protected speech. (Consolidated First Amended Complaint ¶¶ 20-30).

8. Counts I - V of the Consolidated First Amended Complaint state causes of action under Title VII, Section 1981 and Section 1983 for race discrimination, retaliation for protected conduct, and retaliation for protected speech. Although the Defendants believe that these claims are baseless, the Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

9. Plaintiff also asserts state law causes of action for a Petition for Writ of Mandamus, Declaratory Judgment, and Breach of Contract. (Consolidated First Amended Complaint ¶¶ 65-79). In order for the Court to have subject matter jurisdiction over these claims, the claims must be so related to the federal causes of action that they form part of the same case or controversy under Article III of the Unites State Constitution. See 28 U.S.C. § 1367.

10. Here, the state law causes of action are completely unrelated to the federal causes of action and come nowhere close to forming part of the same case or

controversy.

11. With respect to the state law claims, Plaintiff alleges that the Board was awarded School Improvement Grants by the Alabama State Department of Education. (Consolidated First Amended Complaint ¶¶ 35-44). According to the Plaintiff, part of these grants included an extension of each school day by 60 minutes and a plan to pay employees for this extra time. (Id ¶ 40, 41).

12. Plaintiff contends that the Board paid all teachers at schools with the School Improvement Grants for this extended time, but failed to pay almost every administrator at these schools for their extra time. (Consolidated First Amended Complaint ¶ 44). Plaintiff alleges that she was an administrator at Westlawn, which had a School Improvement Grant, and was not paid for her extra time. (Consolidated First Amended Complaint ¶ 42-44).

13. Plaintiff contends that "the Board's failure to pay for the work performed by Plaintiff violates the laws of the State of Alabama." (Consolidated First Amended Complaint ¶ 67). Accordingly, Plaintiff asserts claims for Petition for Writ of Mandamus, Declaratory Judgment, and Breach of Contract seeking payment for this time. (Consolidated First Amended Complaint ¶ 42-44).

14. It is clear from the Consolidated First Amended Complaint that the facts related to the state law claims are completely different than those related to the

federal claims. Plaintiff does not contend that the alleged failure to pay her for extra time pursuant to the School Improvement Grant was related to race, her protected activity or her alleged protected speech. In fact, the Consolidated First Amended Complaint alleges that the failure to provide payment for extra time was directed at all administrators, not merely those of a certain race or who had engaged in protected activity or speech. There are no facts in her federal claims which are common to those of her state law claim other than the fact of her employment with the Board.

15. Since the state law claims are not so related to the federal causes of action that they form part of the same case or controversy under Article III of the Unites State Constitution, all of the state law claims are due to be dismissed or, in the alternative, remanded back to state court for lack of subject matter jurisdiction.

16. In any event, all state law claims against the Board are due to be dismissed for lack of jurisdiction pursuant to Section 14 of the Alabama Constitution. See Jeffers v. Russell County Board of Education, 2008 WL 410621, *15 (M.D. Ala. Feb. 13, 2008) (local board of education had Section 14 immunity in federal court from state law claim); Stanley v. Bullock Board of Education, 2007 WL 4105149, *4 (M.D. Ala. Nov. 15, 2007); Walton v. Montgomery Board of Education, 371 F.Supp.2d 1318 (M.D. Ala. 2005); John Does v. Covington County Board of Education, 884 F. Supp. 462, 466-67 (M.D. Ala. 1995)(local board of education is

entitled to sovereign immunity in federal court from state law claims).

WHEREFORE, the Defendants respectfully request that the state law claims for "Petition for Writ of Mandamus", "Declaratory Judgment", and "Breach of Contract" be dismissed or remanded back to state court for lack of subject matter jurisdiction.

/s/ Taylor P. Brooks
Taylor P. Brooks
Attorney for Defendants
Huntsville City Board of Education, Laurie McCaulley, Mike Culbreath, David Blair, and Jennie Robinson, and

Beth Wilder, Elisa Ferrell, Walker McGinnis, Michelle Watkins, and Pam Hill in their official capacities as members of the Huntsville City Board of Education

Of Counsel:
**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Phone: 256-535-1100
tpb@lanierford.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Attorneys for Plaintiff
Henry F. (Hank) Sherrod, III
**HENRY F. SHERROD III, P.C.**
119 South Court Street
Florence, Alabama 35631
hank@alcivilrights.com

Robert C. Lockwood
Wilmer & Lee, P.A.
100 Washington Street, Suite 200
Huntsville, AL 35801
rlockwood@wilmerlee.com

Attorneys for Dr. E. Casey Wardynski
Mark S. Boardman
Daniel P. Ogle
**BOARDMAN, CARR, BENNETT, WATKINS HILL & GAMBLE, P.C.**
400 Boardman Drive
Chelsea, Alabama 35043-8211
mboardman@boardmancarr.com
dogle@boardmancarr.com

This the 24th day of February, 2017.

/s/ Taylor P. Brooks